BOUYGUES TELECOM, S.A., Plaintiff,

v.

TEKELEC, INC., Defendant.

No. 4:05–CV–78–FL.

United States District Court,
E.D. North Carolina,
Eastern Division.

Oct. 16, 2006.

J. Donald Cowan, Jr., Smith Moore, Raleigh, NC, James G. Exum, Jr., Smith Moore, Greensboro, NC, Shannon R. Joseph, Smith Moore, LLP, Raleigh, NC, for Bouygues Telecom, S.A., a French corporation, Plaintiff.

Burley Bayard Mitchell, Jr., Womble, Carlyle, Sandridge & Rice, Pressly M. Millen, Womble Carlyle Sandridge & Rice, Christo-

pher W. Jones, Womble, Carlyle, Sandridge & Rice, Raleigh, NC, for Tekelec, Inc. a California corporation, Defendant.

## DECISION AND ORDER

GATES, United States Magistrate Judge.

This case comes before the Court on the motion by plaintiff Bouygues Telecom, S.A. ("Bouygues") [DE # 191–1] to block the deposition of Gwendoline Lardeux ("Lardeux") noticed by defendant Tekelec, Inc. ("Tekelec"). Bouygues bases its motion on the grounds that the deposition would exceed the twenty-deposition limit in the Court's Case Management Order ("CMO") [DE # 76]. Tekelec has responded to the motion [DE # 193] and Bouygues has filed a reply memorandum [DE # 194]. The motion was referred to the undersigned Magistrate Judge by Chief Judge Louise W. Flanagan for decision and order, pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the motion is denied.

## BACKGROUND

The CMO limited each party to a total of twenty depositions of fact witnesses during the discovery period. (CMO, § I.G). One witness originally identified by Tekelec in May 2006 as an individual it intended to depose was Lardeux, a French attorney who formerly was employed by Bouygues. (See DE # 193–2, E-mail dated 12 May 2006 at 8:24 p.m.). Because Lardeux is no longer employed by Bouygues, in June 2006 Tekelec sought a Letter of Request for Judicial Assistance from French authorities pursuant to the Hague Convention to obtain her appearance at a deposition. (See DE # 127 (6 June 2006)). The parties proceeded with other depositions while Tekelec awaited word from the French tribunal. In August 2006, Tekelec advised Bouygues that if there were problems getting approval from the French authority, Tekelec still intended to depose Lardeux through a *de bene esse* deposition at a later date. (See DE # 193–4, E-mail dated 9 Aug. 2006).[1] Ultimately, on 1 September

---

1. In this e-mail between counsel for Tekelec and counsel for Bouygues, which concerned proposed changes to the CMO, counsel for Tekelec

stated: "I have made a minor change to the proposed modification order by adding one word 'discovery' in front of the description of the depo-

2006, Tekelec opted to forgo Lardeux's deposition as one of its allotted twenty and selected another deposition in its place. (*See* DE # 191–2, E-mails dated 1 Sept. 2006 at 1:36 p.m., 1:45 p.m., and 5:15 p.m.). At that time, Tekelec reminded Bouygues of its intention to depose Lardeux via a *de bene esse* deposition. (*See* DE # 191–2, E-mail dated 1 Sept. 2006 at 6:24 p.m.).[2]

On 27 September 2006, the French tribunal issued a Letter Recommandee [DE # 192] permitting Tekelec to proceed with Lardeux's deposition on 26 October 2006. On 4 October 2006, Tekelec issued a notice of deposition *de bene esse* for Lardeux [DE # 191–3]. In response, Bouygues filed the instant motion on 6 October 2006.

## DISCUSSION

Bouygues's principal contention is that the Federal Rules of Civil Procedure have eliminated the distinction between discovery and *de bene esse* depositions, and that the twenty-deposition limit in the CMO must therefore be interpreted to apply to the proposed *de bene esse* deposition of Lardeux. The Court disagrees.

There is a basic difference between discovery and *de bene esse* depositions. The purpose of a discovery deposition is to discover information; the purpose of a *de bene esse* deposition is to preserve testimony for trial. As the authorities cited by Tekelec demonstrate, courts continue to recognize this distinction and in certain, but not all, circumstances the need to treat *de bene esse* depositions differently because of their distinct nature. This Court recognizes the distinction in its local rules. Local Rule 32.1 (E.D.N.C.) expressly provides that "[d]epositions *de bene esse* may be taken outside of the period of discovery." This Court has also based rulings on the distinct nature of *de bene esse* depositions. *E.g.*, Order, *Phar-*

*manetics, Inc. v. Aventis Pharmaceuticals, Inc.*, No. 5:03–CV–817–FL (19 May 2005) (*de bene esse* depositions allowed to proceed where noticing party had relied on Local Rule 32.1 in cancelling earlier scheduled discovery depositions and had reserved its right to take *de bene esse* depositions at the time of cancellation).[3]

The principal case upon which Bouygues relies, *Tatman v. Collins*, 938 F.2d 509 (4th Cir.1991), does not contradict these principles. *Tatman* actually recognizes the distinct purpose of *de bene esse* depositions to preserve testimony for use at trial. 938 F.2d at 510. The *Tatman* court goes on to state that "[t]he Federal Rules of Civil Procedure make no distinction *for use of a deposition at trial* between one taken for discovery purposes and one taken for use at trial (*de bene esse*)." 938 F.2d at 510 (emphasis added). As the emphasized language indicates, the concern of the court in *Tatman* was not, as here, whether a party could take a *de bene esse* deposition under a case management order, but whether a deposition taken during the discovery period could be used at trial. Specifically, the Fourth Circuit reversed the district court and held that a deposition could be used at trial even though it was not designated as a *de bene esse* deposition when taken. 938 F.2d at 510–11. The holding in *Tatman* is therefore inapposite to the pending motion. None of the other decisions cited by Bouygues involve circumstances comparable to those here, including the presence of a local rule like Local Rule 32.1 (E.D.N.C.).

A central purpose of the limit on the number of depositions in the CMO is to facilitate cost-effective discovery. Indeed, the limit appears in the section of the CMO dealing with discovery. To the extent that the purpose of a deposition is not discovery but to preserve trial testimony, application of the

---

sition of Lardeaux [sic]. This is intended to preserve our rights to take her deposition de bene esse in the event that there are further problems with the French authority."

**2.** In this e-mail, counsel for Tekelec explicitly stated, "[w]e are not withdrawing the letters rogatory. As we previously discussed, given our lack of control over when the French court might

act on the letters, we always reserved the right to examine Lardeux in a de bene esse deposition pursuant to the rules of the EDNC."

**3.** Bouygues erroneously relies on an earlier Order in the *Pharmanetics* case that the 19 May 2005 Order vacated on the basis of additional material information submitted to the Court.

limit to the deposition does not advance that purpose. A deposition does not necessarily fall outside the limit on the number of depositions simply because a party characterizes the deposition as one taken *de bene esse.* However, under appropriate circumstances, the Court can find that a deposition so characterized is outside the limit.

According to Bouygues, even if that is true, the proposed Lardeux deposition is not really a *de bene esse* deposition and, irrespective of its nature, allowing it to go forward would be inequitable and prejudicial to Bouygues. Again, the Court finds these arguments unconvincing.

Tekelec's characterization of the deposition as one *de bene esse* is not a sham. Tekelec has for some time made clear its intention to take Lardeux's deposition to preserve her testimony if her discovery deposition could not be effected. Tekelec's cautious approach is understandable given the demonstrated difficulty and uncertainty associated with arranging an overseas deposition such as Lardeux's.

In addition, it is indisputable that Lardeux's trial testimony can be obtained only by means of a deposition. Lardeux is in a foreign country and has demonstrated her unwillingness to submit voluntarily to examination. Moreover, Tekelec contends and Bouygues does not dispute that the letter rogatory authorizing the deposition specifies the topics to be covered at the deposition, the time allotted for the deposition is just a few hours, and a French judicial official will attend and control the proceeding. These limitations help ensure that the focus of the deposition will be preservation of Lardeux's testimony for trial.

Tekelec makes a colorable argument that Lardeux's testimony is important to its case and that being deprived of it would prejudice Tekelec substantially. The efforts Tekelec has made to obtain her testimony substantiate this contention. In contrast, Bouygues anticipates little prejudice from the substance of Lardeux's testimony, arguing that it will be cumulative at best. Consideration of the claimed prejudice arising from the substance of Lardeux's testimony therefore strongly favors allowing the deposition to proceed.

The burden of appearing at the deposition is, if anything, more onerous to Tekelec than Bouygues. After all, France is Bouygues' home country whereas Tekelec is based in the United States. Appearance at a single deposition subject to the constraints previously discussed does not represent a serious disruption of either party's trial and other case preparation, especially in a case of this magnitude.

In addition, Bouygues has had longstanding notice of Tekelec's intention to take testimony from Lardeux, including specific notice of its intention to take a *de bene esse* deposition at the time that it opted to forego its right to take her deposition during discovery. Bouygues cannot claim surprise. Moreover, the arrangements for Lardeux's deposition are already in place and allow both parties ample time to prepare.

Therefore, under the unique circumstances presented, the Court concludes that it is appropriate to treat the Lardeux deposition as a *de bene deposition* that is not barred by the twenty-deposition limit in the CMO. The motion will accordingly be denied.

### CONCLUSION

For the foregoing reasons, it is ORDERED that Bouygues' motion to block the deposition of Lardeux is DENIED. Lardeux's *de bene esse* deposition may be taken on 26 October 2006 as scheduled.